**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| VECTRUS SYSTEMS CORPORATION, | No. 19-16640 |
| Petitioner-Appellant, | D.C. No.<br>2:18-cv-01345-JCM-VCF |
| v. | |
| TEAMSTERS LOCAL 631, | MEMORANDUM* |
| Respondent-Appellee. | |

Appeal from the United States District Court
for the District of Nevada
James C. Mahan, District Judge, Presiding

Submitted June 9, 2020**
San Francisco, California

Before: THOMAS, Chief Judge, and SCHROEDER and BRESS, Circuit Judges.

Vectrus Systems Corporation ("Vectrus") appeals a district court order

denying its petition to vacate a labor arbitration award in favor of Teamsters Local

631 (the "Union"). Because the parties did not "clea[rly] and unmistakabl[y]"

---

\*        This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\**        The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

commit the question of arbitrability to the arbitrator, *First Options of Chi., Inc. v. Kaplan*, 514 U.S. 938, 944 (1995) (citation omitted), we review the question of arbitrability *de novo*. We affirm.

## I

The arbitrator had the authority to arbitrate the dispute despite the fact that the staffing determination that gave rise to the dispute occurred before the effective date of the collective bargaining agreement. The undisputed evidence establishes that Vectrus was a "perfectly clear" successor employer within the meaning of *NLRB v. Burns Int'l Sec. Servs., Inc.*, 406 U.S. 272, 294–95 (1972), rather than a new employer, as it contends on appeal. Although a predecessor collective bargaining agreement does not automatically bind a "perfectly clear" successor, it may if the employer expresses an intent to be bound. *See Resilient Floor Covering Pension Tr. Fund Bd. of Trs. v. Michael's Floor Covering, Inc.*, 801 F.3d 1079, 1099 (9th Cir. 2015). Here, Vectrus entered into a Bridge Agreement with the Union, under which it promised to accept the terms and conditions of the preexisting collective bargaining agreement, before formally staffing its operations. Thus, Vectrus made it "perfectly clear" that it would retain a sufficient number of predecessor employees to sustain the Union's majority representative status.

Under the circumstances presented here, Vectrus may not evade arbitration on the ground that it distributed offer letters before the Bridge Agreement's effective date. Although the predecessor employer had distributed layoff notices to the employees, the undisputed facts indicate that Vectrus decided which layoff notices would remain effective when it began operations. There is no dispute that, when it commenced operations, Vectrus was bound to the collective bargaining agreement's terms, including its arbitration provision. Under that provision, all "dispute[s] regarding the interpretation and application of the provisions of this Agreement filed by the Union . . . alleging a violation of the terms and provisions of this Agreement" are arbitrable. That clause is sufficiently broad to encompass the Union's complaint that Vectrus reduced the workforce or recalled/rehired employees in violation of the collective bargaining agreement's seniority provisions.

The fact that the Union filed its grievance before the Bridge Agreement's effective date does not alter this conclusion. Vectrus cites no compelling authority to support its argument that the arbitrator lacked jurisdiction merely because the Union chose to file its grievance in anticipation of Vectrus assuming control with a reduced workforce, instead of waiting for that date to file.

II

The arbitration award should not be vacated for failure to draw its essence from the collective bargaining agreement or as contrary to public policy. The arbitration award drew its essence from the collective bargaining agreement. Indeed, the arbitrator grounded his decision in his reading of specific provisions of that agreement.

Assuming, *arguendo*, that the Service Contract Act, 41 U.S.C. §§ 6701–07, and related regulations establish a well-defined public policy of granting contractors discretion to staff their operations according to their own criteria, the award is not contrary to that policy. Vectrus contracted that discretion away by agreeing to be bound by the collective bargaining agreement as soon as it began operations.

**AFFIRMED.**